### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
### SOUTHERN DIVISION

**MICHAEL A. HERNANDEZ**                                                              **PLAINTIFF**

**V.**                                                              **CAUSE NO. 1:11CV326-LG-JMR**

**HARRISON COUNTY MISSISSIPPI**                                                              **DEFENDANT**

### ORDER GRANTING MOTION TO DISMISS

BEFORE THE COURT are the Motion to Dismiss for Want of Prosecution
[29] and Amended Motion to Dismiss for Want of Prosecution [31] filed by
Defendant Harrison County, Mississippi.  Defendant moves to dismiss Plaintiff's
case pursuant to Federal Rule of Civil Procedure 41(b) on the grounds that Plaintiff
has failed to comply with this Court's Order to inform the Court whether he will
proceed *pro se* or of his selection of new counsel, and because he has otherwise
neglected to prosecute his case.  Plaintiff has not responded to the Motions.  The
Court has reviewed the pleadings on file and the relevant legal authority.  The
Plaintiff's case is dismissed.

### BACKGROUND

Plaintiff Hernandez filed this action against Defendant Harrison County,
Mississippi ("the County") in August 2011, alleging a violation of the Americans
with Disability Act (ADA), 42 U.S.C. § 12101 *et seq*.  Hernandez was formerly
employed by Harrison County as a Floor Technician with the Buildings and
Grounds Department.  (Compl. 2, ECF No. 1).  Hernandez claims he was
terminated in violation of the ADA shortly after he suffered a seizure at work.  (*Id.*

at 2-3.)  Hernandez was initially represented by attorneys Louis H. Watson, Jr.,

Esq. and Nick Norris, Esq.  (*Id.* at 4.)  On January 23, 2012, his attorneys filed an

Unopposed Motion for Leave to Withdraw as Counsel, stating that Hernandez had

recently "terminated the representation of his counsel" after he and his counsel had

"reached an irreconcilable impasse" with respect to how his case should be litigated.

(Unopp. Mot. for Leave to Withdraw 1, ECF No. 24).

Harrison County filed a response to the motion, explaining that while it did

not object to Plaintiff's counsel's motion to withdraw, it sought an order from the

Court setting a date certain for Plaintiff's deposition.  According to the County, it

had requested a date for Hernandez's deposition four months earlier, and

Hernandez had provided the date of January 23, 2012, but then had "unilaterally

cancelled his deposition."  (Def.'s Resp. to Unopp. Mot. for Leave to Withdraw, ECF

No. 25).  The County requested that the Court dismiss this action if Hernandez

failed to appear for his deposition.

Chief United States Magistrate Judge John M. Roper held a hearing on

counsel's motion to withdraw on February 13, 2012.  Hernandez was notified of the

hearing but failed to appear.  On February 15, 2012, the Court entered an Order

granting counsel's motion to withdraw and ordering Hernandez to inform the Court

of his selection of new counsel or that he intended to proceed *pro se* within thirty

(30) days.  (ECF No. 26.)  The Court further stated that a failure by Hernandez to

comply with the order could result in the dismissal of his case.[1]  On March 13, 2012,

Hernandez filed a motion seeking to extend the deadline to obtain counsel. (ECF

No. 28).  In support of his motion for additional time, Hernandez, who apparently

resides in Hawaii, stated, "I am here and the case is in Mississippi." (*Id.*)  On April

10, 2012, Harrison County filed its first Motion to Dismiss for Lack of Prosecution

on the grounds that Hernandez had failed to comply with the Court's February 15,

2012 Order.  (*See* Mot. to Dismiss, ECF No. 29).  The Court then granted Plaintiff's

request for additional time to seek counsel via text order on April 11, 2012, granting

Hernandez an additional thirty (30) days, and ordering him to comply with the

Court's February 15, 2012 Order by May 11, 2012.

   Hernandez failed to inform the Court of any update with respect to his

representation by May 11, 2012, and has yet to do so.  On May 23, 2012, Judge

Roper held a settlement conference, and Hernandez failed to appear.  That same

day, Harrison County filed its Amended Motion to Dismiss for Lack of Prosecution.

(ECF No. 31).  It is now three months later, and Hernandez has not responded to

the Amended Motion to Dismiss or the first Motion to Dismiss.  Moreover, the

docket indicates that Hernandez has not made any filings, or taken any action that

appears in the record, since March 13, 2012, over five months ago, when he sought

additional time to secure counsel.

_____

   [1] The Court also stayed discovery for the thirty day period or until Hernandez
notified the Court of his decision regarding counsel.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these
> rules or a court order, a defendant may move to dismiss
> the action or any claim against it.  Unless the dismissal
> order states otherwise, a dismissal under this subdivision
> (b) . . . operates as an adjudication on the merits.

FED. R. CIV. P. 41(b).  Courts have long held the authority to dismiss an action for

the plaintiff's failure to prosecute "in order to prevent undue delays in the

disposition of pending cases and to . . . clear their calendars of cases that have

remained dormant because of the inaction or dilatoriness of the parties seeking

relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30 (1962).

Plaintiff Hernandez has twice been ordered to inform the Court of his new

counsel or that he will proceed *pro se* to prosecute his action.  Approximately eight

months have elapsed since he terminated his counsel and his counsel moved to

withdraw.  Hernandez has had ample to time hire new counsel or to exercise his

right to proceed *pro se*.  According to the record before the Court, Hernandez

cancelled his deposition the day before it was to take place, failed to appear for a

hearing addressing his representation, and then failed to appear for a court-ordered

settlement conference.  He has not responded to the County's most recent motion to

dismiss his case.  Over four months have passed since the extended deadline for

Hernandez to secure counsel or inform the Court of his intention to proceed *pro se*.

The Court recognizes that Hernandez is located in Hawaii, but that does not excuse

him from complying with this Court's orders.  Plaintiff filed this lawsuit; it is his

responsibility to prosecute it, and he has not done so.  Accordingly, the Court finds

that a dismissal of Plaintiff's action is proper under Federal Rule of Civil Procedure

41(b).  *See Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998).

**IT IS THEREFORE ORDERED AND ADJUDGED** that Defendant's

Amended Motion to Dismiss for Lack of Prosecution [31] is **GRANTED**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendant's Motion

to Dismiss for Lack of Prosecution [29] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's claims are

**DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED AND ADJUDGED** this the 24th day of August, 2012.


s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE